# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTY OF HAMPDEN, SEPTEMBER TERM 1859, AT SPRINGFIELD.

PRESENT.

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. CHARLES A. DEWEY,
HON. THERON METCALF,
HON. GEORGE T. BIGELOW, } JUSTICES.
HON. EBENEZER R. HOAR,

---

## ROSWELL C. PECK *vs.* JAMES A. REQUA.

The resignation of an office in a corporation is a sufficient consideration for a promissory note, although the maker of the note has previously agreed, for a valuable consideration, to resign the office on demand of the payee.

ACTION OF CONTRACT on a promissory note. Answer, want of consideration. Trial and verdict for the defendant before *Bigelow*, J., to whose instructions the plaintiff alleged exceptions, the substance of which is stated in the opinion.

*F. Chamberlin*, for the plaintiff.

*E. W. Bond*, for the defendant, cited *Parish* v. *Stone*, 14 Pick. 198.

BIGELOW, J. On the verdict found by the jury in this case,

it must now be taken as true, that the note declared on was given by the defendant to the plaintiff, in consideration that the latter, at the request of the former, resigned the office of president of the Nattatuck Bank, a corporation established by the laws of the State of Connecticut; that the plaintiff had previously, when elected to the office, agreed, for a valuable consideration, to resign the office without compensation, if the defendant should request him to do so; and that he refused to fulfil this agreement, unless the defendant would give him the note on which he seeks to recover in this action.

On these facts, the defendant contends that the note was without consideration. His argument is briefly this : The plaintiff was bound by his agreement to resign the office; and as the note was given solely to induce him to do that which he had already agreed to do, it is without consideration.

This at first sight seems plausible, but on more careful consideration we are satisfied it is not sound. The fallacy consists in assuming that the original agreement for the resignation of the office was the only consideration of the note. But the case shows that the plaintiff refused to fulfil this contract. He may have found that his private interest or his duty to others required him to continue in the office, and to incur the legal consequences of a breach of his contract with the defendant. On his refusal to resign, what was then the relative condition of the parties ? The plaintiff still held the office, but he was liable to the defendant for a breach of his agreement. The defendant could not displace him, or in any way compel the immediate performance of the agreement. He had only his remedy against the plaintiff for the breach. But he did not see fit to resort to this. Probably it would not have answered his purpose, which seems to have been to procure the plaintiff to vacate the office immediately. To accomplish this, he entered into a new agreement with the plaintiff. Previously he had only the plaintiff's agreement to resign. By the new contract he obtained from the plaintiff his actual resignation, and in consideration thereof he gave the note in suit. By the surrender of an office which he had a right to retain, the plaintiff suffered a detriment, and the

defendant thereby gained an advantage which furnished a valid consideration for the note.

The case falls within the principle that where there is a sub-sisting executory ·contract between parties, which one of them refuses to perform, and thereupon a new contract is entered into for the performance of the same matter, the latter, when exe-cuted, constitutes a good consideration for a promise. In such cases, the old contract is held to be waived or abandoned, or the parties are left to their legal rights and remedies for its breach; but it does not operate to make the new agreement invalid for the want of consideration. *Munroe* v. *Perkins*, 9 Pick. 298.

*Exceptions sustained.*